UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA M. MILLER, | ) 1:04-CV-5550-SMS |
| Plaintiff, | ) ORDER GRANTING PETITION FOR |
| v. | ) ATTORNEY'S FEES (DOC. 16) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiffs proceeded with a civil action in this Court challenging the denial of benefits by the Commissioner of Social Security (Commissioner), which concluded with a stipulated remand of the matter to the agency that in turn resulted in a decision fully favorable to Plaintiff on February 12, 2005. Pursuant to 28 U.S.C. § 636(c), both parties have consented to the Magistrate's jurisdiction to conduct all proceedings, including ordering the entry of judgment.

Pending before the Court is Plaintiff's petition for attorney's fees filed on November 2, 2006. Defendant filed a reply on November 13, 2006, in which it did not take a position on the reasonableness of the fees requested. However, Defendant

1

noted that dividing the amount sought by Plaintiff ($2,960.00) by the number of hours claimed by Plaintiff (7.4) yields an hourly fee of about $400.00 per hour, whereas the effective hourly rate for the EAJA fees previously awarded to Plaintiff's counsel by stipulated order on April 5, 2005, was $141.89 per hour.[1]

With respect to fees awarded under the EAJA, 28 U.S.C. § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

With regard to the Social Security Act's provision for attorney's fees for services rendered in connection with judicial review of the administrative proceedings, 42 U.S.C. § 406(b) provides:

> (b) Attorney fees
>
> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

---

[1] The amount of EAJA fees awarded in 2005 was $1,050.00.

2

```
        (B) For purposes of this paragraph--

        (i) the term "past-due benefits" excludes any benefits
        with respect to which payment has been continued
        pursuant to subsection (g) or (h) of section 423 of
        this title, and

        (ii) amounts of past-due benefits shall be determined
        before any applicable reduction under section 1320a-6(a)
        of this title.

        (2) Any attorney who charges, demands, receives,
        or collects for services rendered in connection with
        proceedings before a court to which paragraph (1) of
        this subsection is applicable any amount in excess of
        that allowed by the court thereunder shall be guilty of
        a misdemeanor and upon conviction thereof shall be
        subject to a fine of not more than $500, or imprisonment
        for not more than one year, or both.
```

The attorney petitioning for an award of fees pursuant to § 406(b) bears the burden of showing that a claimed fee that was set by contract is reasonable for the services rendered. Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817, 1828 (2002). The fee agreement is entitled to significant weight, but even if the claimed fee is within the twenty-five percent limitation, the Court must independently assess the reasonableness of the contract. Id. To avoid a windfall for the attorney, recovery may be reduced because of the character of the representation, the results achieved, a disproportionately large award in comparison to the time expended, or any delay caused by the attorney. Id. Thus, the Court may require the claimant's attorney to submit a record of the hours spent on the case and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. Id.

The appropriate starting point for determination of a reasonable fee for representation before the Court is not a lodestar type formulation; rather, the Court will determine

3

whether the fee, which is acknowledged to be within the permissible twenty-five per cent of total recovery, is reasonable.[2] <u>Gisbrecht</u>, 535 U.S. at 792, 797-98, 808. Here, the 7.4 attorney hours spent were reasonably expended. The <u>de facto</u> hourly rate of over $400.00 might warrant a slight departure downward. <u>Gisbrecht</u>, 535 U.S. at 808. However, counsel's qualifications are considerable, and the character of the representation was clearly excellent in view of counsel's ability to obtain a significant award after remand was ordered by the Court. The results achieved were clearly quite favorable to the Plaintiff. The Court is also mindful of the value of the contingency; despite having lost before the agency, counsel persevered despite the limited scope and standard of review in the proceedings before the Court and thus despite a decreasing likelihood of recovery. <u>See</u>, <u>Hearn v. Barnhart</u>, 262 F.Supp.2d 1033, 1037 (N.D.Cal.2003) (noting that courts have generally been deferential to the terms of contingency fee contracts in § 406(b) cases and have accepted that the resulting <u>de facto</u> hourly rates [ranging from over $300 to over $600 per hour] might exceed those for non-contingency-fee arrangements). This Court notes that without the incentive of recovery of a maximum contingency fee, plaintiffs might go unrepresented or be forced to abandon their claims.

---

[2] A lodestar amount is based upon reasonable hours expended multiplied by a reasonable hourly rate, <u>see</u>, Allen v. Shalala, 48 F.3d 456 (9th Cir. 1995) (overruled by <u>Gisbrecht</u>), which may then be adjusted by considering various factors identified in <u>Kerr v. Screen Actors Guild, Inc.</u>, 526 F.2d 67 (9th Cir. 1975), such as time and labor required, difficulty of questions involved, skill needed to perform the service and the experience, reputation and ability of the attorneys, preclusion of other employment, customary fee, whether the fee is fixed or contingent, time limits imposed by the client or circumstances, the amount involved and the results obtained, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases.

4

1    Therefore, the Court finds that the fees requested are
2 reasonable.
3    Further, the Court notes that when the $1,050.00 of EAJA
4 fees already awarded are subtracted from the award, it leaves a
5 net fee of only $1,910.00.
6    The payment under the EAJA arises if the government's
7 position in the litigation was not substantially justified, and
8 the fee is determined by the time expended and the attorney's
9 hourly rate. 28 U.S.C. § 2412(d). The payment provided for under
10 § 406(b)(1)(A) is payable out of, and not in addition to, the
11 amount of the past-due benefits. <u>Gisbrecht v. Barnhart</u>, 122 S.Ct.
12 1817, 1820, 1822. Congress has harmonized fees payable by the
13 government under the EAJA with fees payable under § 406(b) out of
14 a Social Security claimant's past-due benefits. Fee awards may be
15 made under both provisions, but the claimant's attorney must
16 refund to the claimant the amount of the smaller fee up to the
17 point that the claimant receives one hundred per cent of the
18 past-due benefits. Act of Aug. 5, 1985, Pub.L. 99080, § 3, 99
19 Stat. 186; <u>Gisbrecht v. Barnhart</u>, 122 S.Ct. at 1822.
20    Here, the fee of $2,960.00 sought pursuant to § 406(b) must
21 be reduced by the $1,050.00 previously awarded under the EAJA.
22    Accordingly, it IS ORDERED that the petition of Plaintiff's
23 counsel for an award of $2,960.00 in fees IS GRANTED subject to a
24 $1,050.00 offset to Plaintiff for the prior EAJA award.
25 IT IS SO ORDERED.
26 **Dated:   January 11, 2007**              /s/ Sandra M. Snyder
   icido3                              UNITED STATES MAGISTRATE JUDGE
27
28

5